

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:                    Opinion No. O-1853
                             Re: Taxpayer is entitled to
                                 homestead exemption on
                                 both surface and minerals
                                 although rendered for tax-
                                 ation separately

        We are in receipt of your letter of January 30,
1940, which reads in part as follows:

        "Is a taxpayer who lists or renders
    a tract of land which he claims as a home-
    stead, for purposes of taxation, entitled
    to the constitutional exemption provided
    in Article 8, Sed. 1-a, upon the combined
    or aggregate value of both the mineral and
    surface estates in such tract when each
    have been rendered separately, but have an
    aggregate value less than three thousand
    dollars?

        "It seems that this taxpayer lives
    upon the tract of land claiming such as
    his homestead and that its homestead char-
    acteristic is not in issue. There is some
    gas production upon said tract which is
    under oil and gas lease. For some reason
    or other the owner (who owns both mineral
    and surface estates) rendered the surface
    estate in the tract separately and rendered

the mineral interest which he owned be-
longing to this tract separately or along
with mineral interests belonging to other
tracts than this homestead parcel. Such
taxpayer insists that he is entitled to
the exemption aforesaid from the assessed
value of the mineral interest and surface
estate in the tract, though both were not
rendered and assessed together but in sep-
arate renditions. The combined value of
both is less than three thousand dollars."

You also indicate in your brief that the land
in question is an urban homestead, and that there is no
controversy concerning its being a homestead by reason
of its use for the purposes of a home.

The Texas Constitution, Section 51, Article
XVI, defines a homestead as follows:

"The homestead, not in a town or city,
shall consist of not more than two hundred
acres of land, which may be in one or more
parcels, with the improvements thereon; the
homestead in a city, town or village, shall
consist of lot, or lots, not to exceed in
value five thousand dollars, at the time of
their designation as the homestead, without
reference to the value of any improvements
thereon; provided, that the same shall be
used for the purposes of a home, or as a
place to exercise the calling or business
of the head of a family; provided also, that
any temporary renting of the homestead shall
not change the character of the same, when
no other homestead has been acquired."

Section 1a, Article VIII, of the Texas Consti-
tution, adopted August 26, 1933, provides in part as
follows:

"Three Thousand Dollars ($3,000.00)
of the assessed taxable value of all resi-
dence homesteads as now defined by law
shall be exempt from all taxation for all
State purposes; . . . . . ."

Honorable Homer L. Moss, page 3

The term "residence homesteads" has acquired a well defined meaning in our law, as distinguishing the urban homestead, the homestead characteristics of which are acquired by reason of its use for the purposes of a home, from the urban homestead which acquires its homestead status from its use as a place to exercise the calling or business of the head of a family, the latter being known as a "business homestead". From the facts stated in your letter, it is apparent that the land in question is the taxpayer's homestead because of its use for the purposes of a home of the family, and it is our opinion that the mere production of gas from said tract would not deprive it of its status as a "residence homestead" and convert it into a "business homestead."

It is well settled in this state that the homestead interest in the residence homestead of the family extends to the minerals in place, including the oil and gas, as well as the surface estate, and the execution of an oil and gas lease does not deprive the minerals retained by the grantor of their homestead character. Evans vs. Mills (C. C. A. 1933) 67 F. (2d) 840; Grissom vs. Anderson (Sup. Ct. 1935) 79 S. W. (2d) 619; Cates vs. Green (T. C. A. 1938) 114 S. W. (2d) 592; Gulf Production Co. vs. Continental Oil Co. (Sup. Ct. 1939) 132 S. W. (2d) 553. In Evans vs. Mills, supra, which has been favorably cited by Texas courts, it was held that the homestead character continued with respect to the possibility of reverter, as well as the reserved royalty, after an oil and gas lease was executed covering the homestead.

The exemption contained in Section 1a, Article VIII, of the Constitution, to the extent of the specified taxable value, is absolute and is as broad as the residence homestead itself, as now defined by law, which under the decided cases includes the minerals in place as well as the surface estate. It is the fact that the property constitutes a residence homestead, rather than any particular form of rendition which entitles the homestead claimant to such exemption. It was ruled by this department in conference opinion No. 2925, dated July 12, 1933, addressed to Honorable Geo. H. Sheppard, appearing in Vol. 65, page 262, that Article VIII, Section 1a, is

Honorable Homer L. Moss, page 4

self-executing, and in a letter opinion dated June 6, 1935, addressed to Honorable Carey Legett, letter book Vol. 364, page 790, it was ruled that if property is in fact a residence homestead, it is exempt from all state taxation, whether rendered or unrendered.

It is our opinion that a taxpayer is entitled to the constitutional exemption provided in Article VIII, Section 1a, of the Texas Constitution, on a tract of land which is in fact his residence homestead, upon the combined or aggregate value of both the mineral and surface estates in such tract, to the extent of $3,000.00 of the assessed taxable value of the whole, although they may have been rendered separately.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:LW

APPROVED FEB 15, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*